IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      *Plaintiff*,<br><br>v.<br><br>ERIC HOWARD,<br><br>                      *Defendant.* | Criminal No. 2:23-cr-129 - 21<br><br>Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Following a detention hearing on July 13, 2023, Magistrate Judge Maureen P. Kelly detained Defendant Eric Howard ("Howard") pending trial. (ECF Nos. 364 and 365). Howard then filed a Motion for Revocation or Amendment of Detention Order seeking *de novo* review of the order of detention. (ECF No. 382). The Court has undertaken a *de novo* review of the transcript from the July 13, 2023, detention hearing, as well as the parties' arguments in their respective pleadings (ECF Nos. 428, 468, 478, 485) and the evidence of record.[1] Having conducted its independent review of the record and considered the arguments proffered by the parties, the Court will affirm the order of detention. Howard will remain detained pending trial.

---

[1] A district judge reviews the decision of a magistrate judge granting or denying bail *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). It retains the discretion to make its determination after reviewing the record developed before the magistrate judge or to accept additional evidence from the parties and rule on an expanded record. *See* 18 U.S.C. § 3142(f)(2)(B). As neither party requested a hearing for the presentation of new evidence, the Court finds that the appeal can be decided on the existing record.

## I. STANDARD OF REVIEW

For defendants charged with certain offenses enumerated in 18 U.S.C. § 3142(e)(3), the Bail Reform Act sets a presumption in favor of detention.[2] Included among the enumerated offenses are "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or chapter 705 of title 46." 18 U.S.C. § 3142(e)(3)(A). An indictment charging a defendant with such an offense is "sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)." *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

The grand jury returned an Indictment charging Howard with Conspiracy to Distribute and Possess with Intent to Distribute a quantity of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 (Count Three). (ECF No. 51). Therefore, a rebuttable presumption exists that no condition or combination of conditions will reasonably assure the appearance of Howard as required and reasonably assure the safety of the community from the commission of further crimes by him. *See* 18 U.S.C. § 3142(e)(3). The parties do not dispute this point. (ECF Nos. 468 and 478).

---

[2] To the extent Howard is mounting some sort of constitutional challenge to the Bail Reform Act, he has not met his burden and caselaw is against him. With the passage of the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, Congress created a comprehensive set of statutory guidelines governing release and detention decisions for criminal cases in federal court. In *United States v. Salerno*, 481 U.S. 739, 755 (1087), the Supreme Court of the United States, when faced with a facial attack, upheld the constitutionality of the Bail Reform Act, and constitutional attacks on it have also been rejected in this Circuit. *See United States v. Perry*, 788 F.2d 100 (3d Cir. 1986); *United States v. Accetturo*, 783 F.2d 382 (3d Cir. 1986); *United States v. Delker*, 757 F.2d 1390 (3d Cir. 1985). The legislative history of the Bail Reform Act makes clear that to minimize the possibility of a constitutional challenge, the drafters aimed toward a narrowly-drafted statute with the pretrial detention provision addressed to the danger from "a small but identifiable group of particularly dangerous defendants." (quoting S. Rep. No. 98-225, at 6-7 (1983), as reprinted in 1984 U.S.C.C.A.N. 3182, 3189).

To rebut this initial presumption, the burden is on Howard to produce some credible evidence that he will appear and will not present a threat to the community. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). Even if he satisfies his initial burden of production to rebut the presumption against release, it does not completely eliminate the presumption favoring detention from further consideration; rather, it remains a factor to be considered among those weighed by this Court. However, rebuttal of the initial presumption against detention shifts the burden to the Government to demonstrate by clear and convincing evidence that Howard is a danger to the community, and/or by the lesser standard of a preponderance of the evidence, that he is a flight risk. *See Perry*, 788 F.2d at 115 ("The clear and convincing standard does not even operate until the defendant has come forward with some evidence of lack of dangerousness.").

In making its determination of whether there are conditions or a combination of conditions of release that will reasonably assure the appearance of Howard and the safety of the community, the Court must weigh the evidence in light of the four factors set forth in 18 U.S.C. § 3142(g). The four factors are: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against Howard; (3) the history and characteristics of Howard; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Howard's release. 18 U.S.C. § 3142(g).

## II.   ANALYSIS

### A. Howard has not rebutted the presumption of detention.

The Court must make the initial determination of whether Howard has proffered sufficient evidence to rebut the initial presumption against pretrial release. The presumption of pretrial detention may be rebutted if the defendant can produce "some credible evidence forming

3

a basis for his contention that he will appear and will not pose a threat to the community." *Carbone*, 793 F.2d at 560. The evidentiary burden of rebutting the presumption has been interpreted as being "relatively light." *United States v. Griffin*, No. CRIM 07-02 ERIE, 2007 WL 510140, *2 (W.D. Pa. Feb. 12, 2007). Howard offered the following to rebut the presumption of detention: a stable employment history, including recent employment at a restaurant, Walnut Grill, to which he could return; significant family ties; lifelong residency in Western Pennsylvania; a history of appearing for court proceedings; and a third-party custodian, his mother (Lori Howard), and housing at her residence with her and his sister (Erica Howard). (ECF No. 428, pp. 26, 40; ECF No. 363).

Although the evidence presented by Howard is probative of his general history and characteristics, rebuttal of the presumption of dangerousness requires a showing that Howard's criminality is a thing of the past. *See e.g., Perry*, 788 F.2d at 114 ("the dangerousness determination involves a prediction of the detainee's likely future behavior. Such a prediction explores not the external world of past events but the inner territory of the detainee's intentions. By its very nature such a prediction is a far more speculative and difficult undertaking than the reconstruction of past events."); *United States v. Santiago-Pagan*, Criminal No. 1:08-CR-0424-01, 2009 WL 1106814, *5 (M.D. Pa. April 23, 2009) (noting that "rebuttal of the presumption of dangerousness requires a showing that defendant's criminality is a thing of the past."); *United States v. Terron*, Criminal No. 3:18-CR-00413, 2020 WL 2404618, *2 (M.D. Pa. May 12, 2022) ("The record before the Court does not reflect that [the defendant] has respect for the law, personal reliability, or that his criminality is a thing of the past."); *United States v. Williams*, Criminal No. 3:18-CR-00153, 2020 WL 2098318, *4 (M.D. Pa. May 1, 2020) ("The record before the Court does not reflect that [the defendant] has a respect for the law, personal

reliability, or that his criminality is a thing of the past."); *United States v. McKnight*, 2:20-cr-266-5, 2021 WL 615211, *5 (W.D. Pa. Feb. 17, 2021) (finding that evidence proffered "does not suggest in any way that his 'criminality is a thing of the past,'" and noting that defendant committed the "alleged crimes while residing in the same home, with the same family members, while filling the same caregiver role, and with the same medical and health conditions that he currently has. He has [ ] provided no evidence that would suggest that his criminal conduct was an aberration, or that something has changed to make him more personally reliable or have a respect for the law."). Howard has multiple state convictions for acts of violence, drug-related crimes, and child endangerment. At the time he engaged in the present drug trafficking crime, he was living at the residence he would like to return to, and he was on state probation for the felony convictions of possession with intent to deliver a controlled substance and receiving stolen property.[3]

The evidence Howard points to in favor of release does not rebut the presumption of detention. The Court recognizes that Howard's burden is not high—but the evidence he relies upon must be probative of the twin considerations of whether he is a flight risk and whether he poses a danger to the community. Howard's evidence fails on the latter point. The fact that he has employment, a stable living arrangement and the support of his family is not evidence—in light of the nature of his charged offense—that he does not pose further danger to the community. Indeed, the record shows that he had all of those things while engaging in the criminal conduct charged. He has proffered no evidence that would suggest his situation is any different now. Howard has not demonstrated to the Court's satisfaction that the suggested

---

[3] Howard clarified in his Reply to Government's Opposition that his alleged criminal conduct occurred at his girlfriend's residence, and he was arrested at that address. (ECF No. 485, pp. 1-4). But, the Government's point is well taken – Howard resided at his mother's residence and seeks to return there if released.

conditions of pretrial release would actually prevent him from continuing to engage in criminal activity.

After consideration of the evidence and arguments of counsel, the Court concludes that the evidence presented by Howard fails to rebut the initial presumption that no condition or combination of conditions would reasonably ensure the safety of the community. Detention is, therefore, mandated.

### B. No condition or combination of conditions will assure the safety of any other person or the community.

In the alternative, even if Howard had rebutted the presumption, the Court's conclusion would be the same because the Government proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

First, the nature of the crime weighs heavily against release. 18 U.S.C. § 3142(g)(1). "The statutory language as well as the legislative history [of the Bail Reform Act], unequivocally establishes that Congress intended to equate traffic in drugs with a danger to the community." *United States v. Strong*, 775 F.2d 504, 506 (3d Cir. 1985).

Second, the weight of the evidence supporting Count Three against Howard is strong. 18 U.S.C. § 3142(g)(2). In the late summer of 2022, the FBI began to investigate the illegal drug dealing activities of a street level gang operating in the Hill District section of Pittsburgh. Multiple controlled purchases of narcotics occurred. Electronic surveillance was established on twelve target telephones between January and June of 2023. Howard's phone was not targeted, but he was intercepted and determined to be a supplier of fentanyl to co-defendant Delano Brown ("Brown"). Howard was recorded speaking with customers about selling narcotics. During the course of the intercepts, Howard supplied Brown with narcotics on three occasions.

Not only were the telephone calls discussing the transactions intercepted, but physical surveillance was conducted. Howard was observed making hand-to-hand transactions in the 2100 block of Watson Street in the Hill District. During one transaction on February 28, 2023, there was a three-year-old child in the vehicle with him. A June 22, 2023, search of a residence resulted in the seizure of a magazine to a firearm, a small amount of crack cocaine, and three cellular telephones attributable to Howard. (ECF No. 428, pp. 7-10, 17-18, 22). Thus, the weight of the evidence weighs heavily against Howard's release.

Third, with respect to Howard's history and characteristics, it is certainly commendable that he has stable employment and significant family support. He has spent his entire life residing in Western Pennsylvania, and he has a history of appearing for court proceedings. While Howard can point to favorable personal characteristics, the record contains other facts that warrant grave concern as to his suitability for pretrial supervision. He has a history of marijuana abuse. Additionally, while his criminal record is not replete with felony convictions, he has – as Magistrate Judge Kelly accurately noted – six summary convictions, two misdemeanor convictions, one felony drug conviction, and one felony receiving stolen property conviction. Six charges are drug related. On seven occasions, Howard has incurred criminal charges related to some form of violence, and two sets of charges were related to endangering children. Howard is 36 years old and from the age of nineteen, he has had almost constant contact with the criminal justice system. At the time of charged conduct in this case, Howard was on state probation. In its totality, the Court finds that this factor weighs in favor of detention—especially, as here, where the Court's focus is on the issue of dangerousness.

The final factor of § 3142 poses the ultimate question - the nature and seriousness of the societal danger posed by Howard's release. 18 U.S.C. § 3142(g)(4). Ultimately, "the court must

predict whether defendant will engage in criminal activity if released pending trial." *Perry*, 788 F.2d at 114. The main danger here is the risk of continued drug-trafficking, which poses a substantial risk of harm to the community. Added to this, Howard has a history of violent behavior, which poses a risk to the community. The Court is not convinced that there are conditions of release that would deter Howard from engaging in criminal activity, particularly given that he was already under state court supervision when he engaged in the instant criminal conduct. Location monitoring and home arrest will not effectively mitigate this danger because such conditions do not provide information on any potential drug activities, and they do not provide information about third parties frequenting his mother's residence. Thus, this factor weighs heavily in favor of detention.

Lastly, Howard argues that he was detained but co-defendant Brown was granted pretrial release, and "the reasons justifying their differing treatment are elusive." (ECF No. 468, p. 7). Howard believes it is significant that Brown was charged for more criminal activity at other counts in the indictment, Brown's telephone was targeted for interception, and that more contraband was discovered during a search of Brown's residence. (*Id.* at pp. 7-8). He objects to what he believes is disparate treatment. However, the pretrial release of Brown has no bearing on whether or not Howard should be released. It is not a factor that the Court should properly consider under the Bail Reform Act. *See e.g., United States v. Oliver*, Crim. No. 16-40, 2016 WL 1746853, at *10-11 (W.D. Pa. May 3, 2016) ("the status of the coconspirators as released on bond and/or in pretrial custody does not bear directly on whether this Defendant should be released from custody as the same is not a specific factor under section 3142(g) which must be considered when making an individualized assessment of his eligibility for bail."). The factors enumerated in § 3142(g) apply to each defendant individually. When considering bail, the Court

considers the history and characteristics of each defendant and must undertake an individualized assessment of the risks presented by each defendant. Thus, the Court gives Brown's bail determination no weight in its analysis of Howard's dangerousness.

For these reasons, the Court finds that no combination of conditions will reasonably assure the safety of the community. It is convinced of Howard's continuing dangerousness. Detention pending trial is appropriate.

### III. CONCLUSION

After consideration of the entire record and arguments of the parties, the Court concludes that Howard failed to rebut the initial presumption that no condition or combination of conditions would reasonably ensure the safety of the community if he remained on bond. This alone warrants detention. However, the Court's examination of the materials before it leads it to the conclusion that, even if Howard had rebutted the presumption, the Government, by clear and convincing evidence, persuaded it that no condition or combination of conditions would reasonably ensure the safety of the community. Howard's motion will be denied, and he will remain detained pending trial. An Order of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

_9-28-23_____
Date